UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KHALED GHORAB** | : | **CIVIL ACTION NO. 19-cv-718** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **DONNIE P** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a "Motion for Award of Costs, Expenses, and Fees as a Result of Defendant's Evasion of Service and Failure to Waive Service," filed by plaintiff, Khaled Ghorab ("Ghorab"). Doc. 23. Defendant Donnie P opposes this motion. (Doc. 38). The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

For the reasons stated herein**, IT IS RECOMMENDED** that the motion be **DENIED**.

### I.
#### BACKGROUND

The original Complaint was filed in this matter on June 6, 2019 and seeks rescission of a contract between plaintiff and defendant. Doc. 1. Plaintiff alleges we have diversity subject matter jurisdiction as well as federal question jurisdiction. *Id.* at p. 2. Defendant was not served until November 6, 2020. Doc. 19. Through this motion plaintiff seeks reimbursement of costs and fees incurred as the result of the conduct of Donnie P in avoiding service of process of the original

complaint. Plaintiff's motion relies strictly on Federal Rule of Civil Procedure Rule 4 as his basis for relief.[1]

Plaintiff's memorandum in support of the request is quite detailed about efforts made to obtain service on the defendant and attaches multiple exhibits that support those details. Doc. 23, att. 2, p. 1-16. What plaintiff fails to provide is proof that he complied with the requirements of Rule 4 seeking waiver of service by the defendant which might entitle him to attorney fees if defendant refused to waive without good reason.

Prior to filing suit and on May 1, 2019, plaintiff's counsel forwarded email to defendant to which was attached correspondence advising of his representation on issues that ultimately form the basis of this lawsuit and asking defendant whether he was represented by counsel. Doc. 23, att. 4. Plaintiff's counsel received a reply from "Donnie P. Official" that the "S. Davis Law group has been retained to represent me pleases [sic] direct any questions or concerns to her . . . ." Doc. 23, att. 5. On May 7, 2019, plaintiff's counsel received an email from "Gail Simon, Secretary for Phoumyphone Kittikoune," which attached a letter stating Kittikoune was "retained to represent Donnie P." Doc. 23, atts. 6, 7.

On June 6, 2019, plaintiff's counsel mailed to Kittikoune a courtesy copy of the original complaint. Doc. 23, att. 8. Counsel advised the complaint "will also be served on Mr. P, personally, via a private process server." *Id*. The correspondence does not request waiver of service.

Plaintiff's attempts at personal service were unsuccessful. Doc. 23, atts. 9, 10, and 11. Following these unsuccessful attempts at personal service, plaintiff forwarded to Kittikoune

---

[1] The motion references *Wilson v. Novartis Pharm Corp*., 575 Fed.Appx. 296, 298 (5th Cir. 2014), ostensibly as authority for an award. *Wilson* has nothing to do with service of process or waiver of service. It does discuss a court's inherent authority to control litigation before it but so do hundreds of other cases of much greater precedential value than *Wilson*.

correspondence with attachments required by Rule 4 including a waiver of service form asking *counsel* to sign the waiver form and return.  Doc. 23, att. 13.  Kittikoune declined the offer to waive service, advised that he had not been hired to defend defendant in the lawsuit, and instructed plaintiff's counsel to "have [Donnie P] serve [sic] directly."  Doc. 23, att. 14.

Summons was finally returned executed on November 10, 2020, and an answer to the complaint was filed shortly thereafter.  Docs. 19, 20.  Plaintiff then filed the instant motion seeking recovery of the costs incurred by plaintiff for defendant's refusal to waive service and evasion of service under Rule 4(d) of the Federal Rules of Civil Procedure.  Doc. 23.  The motion is opposed.  Doc. 38.  Plaintiff has replied to the opposition [doc. 41] and the matter is ripe for adjudication.

## II.
## LAW AND ANALYSIS

In seeking recovery of costs spent to effect service of the complaint, plaintiff relies upon Federal Rule of Civil Procedure 4.  Rule 4(c) imposes on plaintiff the obligation of having a summons and copy of the complaint served upon the defendant timely and sets forth who may serve.  Rule 4(d) imposes a duty on a defendant to "avoid unnecessary expenses of serving the summons" by waiving service but first plaintiff must notify that defendant that the action has been commenced and request that defendant waive service. The rule imposes specific guidelines as to how that waiver must be requested.  Fed.R.Civ.P. 4(d)(1).  If the defendant "without good cause" refuses to sign and return the waiver, then the court may impose "the expenses later incurred in making service" as well as "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."  Fed.R.Civ.P. 4(d)(2).

Evidence presented shows plaintiff initially mailed a courtesy copy of the complaint to the attorney identified to plaintiff as representing defendant.  That correspondence did not include a waiver or ask for a waiver but instead indicated defendant would be served personally via private

process server. Doc. 23, att. 8. It was not until after initial attempts at personal service were ineffective did plaintiff ask for a Rule 4 waiver by sending the appropriate documentation to defendant's attorney and, even then, plaintiff asked that *the attorney*, not *the defendant*, waive service. Doc. 23, att. 13. Purported counsel advised he was not retained to represent defendant in this litigation then instructed plaintiff to have defendant served personally. Doc. 23, att. 14. Nothing in the record suggests that defendant knew he was being asked to waive service.

Rule 4 permits an award only after a defendant fails to comply with the waiver request. *Maranto v. Dillard Nat. Bank*, 230 F.R.D. 478, 479 (W.D. La. 2005). To be awarded costs and fees for failure to waive service, however, a plaintiff must provide proof of compliance with the procedure detailed by the rule. *See Flores v. Sch. Bd. of DeSoto Par.,* 116 Fed.Appx. 504, 508 (5th Cir. 2004). Plaintiff here has failed to do so and therefore his request under Rule 4 must be denied.

Through his memorandum in support of his motion plaintiff claims he is also entitled to costs and fees under this court's inherent authority. A request for this relief was not set forth in the motion filed but we would deny it even had it been.[2]

If an applicable statute or rule can adequately sanction the conduct, that statute or rule should ordinarily be applied, with its attendant limits, rather than the court's more flexible or expansive "inherent power." *Chambers v. NASCO, Inc*., 501 U.S. 32, 50 (1991). Additionally, "[f]ederal courts' inherent powers must be exercised with great restraint and discretion due to their potency." *Id*. Rule 4 provides the remedy applicable when a defendant refuses to waive service and therefore precludes our exercise of inherent authority.

---

[2] *See* fn 1 and accompanying discussion.

## III.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion [doc. 23] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 8th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE