UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KHALED GHORAB** | **CASE NO. 2:19-CV-00718** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DONNIE P** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

The above captioned matter involves only claims based on Louisiana law but includes a nondiverse defendant.

### I. LAW & ANALYSIS

"[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *E.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *E.g.*, *Ex parte McCardle*, 74 U.S. 506, 514 (1868). Accordingly, a "district court has a general power to dismiss cases *sua sponte*." *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021).

Here, Plaintiffs Ghorab Surgical Associates, LLC ("Ghorab Surgical") and Khaled Ghorab are citizens of Louisiana. Doc. 61, p. 2, ¶¶ 4, 5. Defendant Donnie Pecantte ("Donnie P.") is a citizen of Texas. *Id.* at 1, ¶ 1. Defendant Omar Pecantte ("Omar P.") is a citizen of Louisiana. *Id.* at 2, ¶ 2. The above captioned matter does not contain causes of

action based on federal question jurisdiction, only claims arising under state law. Doc. 99. "The rule of *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 (1806), bars diversity actions where any defendant is a citizen of the same state as is the plaintiff." *E.g.*, *Powell v. Offshore Nav., Inc.*, 644 F.2d 1063, 1066 (5th Cir. 1981). Plaintiffs and Omar P. are citizens of the same state, Louisiana. Accordingly, this Court lacks jurisdiction over Plaintiffs' claims. Defendant Donnie P.'s compulsory counter claim rests on independent grounds; therefore, that claim "**may** be adjudicated despite the dismissal of [Plaintiffs'] complaint" for want of subject matter jurisdiction. *See, e.g.*, *Kuehne & Nagel (AG & Co) v. Geosource, Inc.*, 874 F.2d 283, 291 (5th Cir. 1989) (emphasis added). Thus, "even if an independent basis is present, the Court has discretion to dismiss the counterclaims once the original complaint has also been dismissed." *US LLC v. Metaswitch Networks Ltd*, 248 F. Supp. 3d 825, 831 (E.D. Tex. 2017) (citing *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 355 (5th Cir. 2004)). Accordingly, the Court will dismiss Plaintiffs' remaining claims as well as Donnie P.'s counterclaim due to the Court's lack of jurisdiction.

## II. CONCLUSION

For the aforesaid reasons,

**IT IS ORDERED** that all Plaintiffs' remaining claims and Defendant's counterclaim be dismissed without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 9th day of June 2023.

_____<br>
**JAMES D. CAIN, JR.**<br>
**UNITED STATES DISTRICT JUDGE**